UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DHAMARI JORDAN, a/k/a "DMO,"<br>a/k/a "DMO CRASHOUT,"<br><br>Defendant | Criminal No. 21-10081-DPW<br><br>Violations:<br><br>Count One: Conspiracy to Distribute and to Possess with Intent to Distribute 28 Grams or More of Cocaine Base<br>(21 U.S.C. § 846)<br><br>Count Two: Possession of a Firearm in Furtherance of a Drug Trafficking Crime<br>(18 U.S.C. § 924(c)(1))<br><br>Count Three: Conspiracy to Possess Firearms in Furtherance of, and Use and Carry, Brandish and Discharge, Firearms During and in Relation to, a Drug Trafficking Offense<br>(18 U.S.C. § 924(o))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853)<br><br>Firearm Forfeiture Allegation:<br>(18 U.S.C. § 924(d); 28 U.S.C. § 2461(c)) |

INFORMATION

COUNT ONE
Conspiracy to Manufacture, Distribute and to Possess with Intent to Distribute
28 Grams or More of Cocaine Base, and Other Controlled Substances
(21 U.S.C. § 846)

The United States Attorney charges:

Between on or about January 1, 2019 and February 25, 2021, in Boston, Cambridge, Malden, Somerville, in the District of Massachusetts, and elsewhere, the defendant,

DHAMARI JORDAN, a/k/a "DMO," a/k/a "DMO CRASHOUT,"

conspired with other persons known and unknown to the United States Attorney, to knowingly and intentionally manufacture, distribute and possess with intent to distribute a mixture and substance

containing a detectable amount of cocaine base, a Schedule II controlled substance, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, a mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propenamide, also known as fentanyl, a Schedule II controlled substance, a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, a mixture and substance containing a detectable amount of marihuana, a Schedule I controlled substance, and other controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(iii), is applicable to this Count.

It is further alleged that, with respect to Count One, 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, DHAMARI JORDAN, a/k/a/ "DMO," a/k/a "DMO CRASHOUT." Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(iii) is applicable to defendant DHAMARI JORDAN, a/k/a/ "DMO," a/k/a "DMO CRASHOUT."

All in violation of Title 21, United States Code, Section 846.

COUNT TWO
Possession of a Firearm in Furtherance of a Drug Trafficking Crime
(18 U.S.C. § 924(c)(1)(A)(i))

The United States Attorney further charges:

On or about February 25, 2021, in Malden, in the District of Massachusetts, and elsewhere, the defendant,

DHAMARI JORDAN, a/k/a "DMO," a/k/a "DMO CRASHOUT,"

did knowingly possess a firearm, to wit: a Polymer 80 firearm, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846, as set forth in Count One of this Information.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

COUNT THREE
Conspiracy to Possess Firearms in Furtherance of, and Use and
Carry, Brandish, and Discharge Firearms During and in Relation to, a Drug Trafficking Offense
(18 U.S.C. § 924(o))

The United States Attorney further charges:

Between on or about January 1, 2019 and February 25, 2021, in Boston, Cambridge, Malden, Somerville, in the District of Massachusetts, and elsewhere, the defendant,

DHAMARI JORDAN, a/k/a "DMO," a/k/a "DMO CRASHOUT,"

conspired with other persons known and unknown to the United States Attorney, to knowingly possess firearms in furtherance of, and use and carry firearms during and in relation to, a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846, as set forth in Count One of this Information.

It is further alleged that the offense charged in Count Three included at least one firearm that is a machinegun, as defined by 18 U.S.C. § 921(a)(23), and 26 U.S.C. § 5845(b).

All in violation of Title 18, United States Code, Section 924(o).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The United States Attorney further alleges:

1. Upon conviction of the offense in violation of Title 21, United States Code, Section 846, set forth in Count One, the defendant,

DHAMARI JORDAN, a/k/a "DMO," a/k/a "DMO CRASHOUT,"

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The property to be forfeited includes, but is not limited to, the following:

    a. a Black iPhone model A1984; and

    b. a Silver iPhone model A1687.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

1. Upon conviction of the offense in violation of Title 18, United States Code, Sections 924(c) and 924(o), set forth in Counts Two and Three, the defendant,

DHAMARI JORDAN, a/k/a "DMO," a/k/a "DMO CRASHOUT,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense. The property to be forfeited includes, but is not limited to, the following:

   a. Polymer 80 firearm and accessories; and
   b. 4 rounds of 9mm ammunition.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

7

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

> NATHANIEL R. MENDELL
> Acting United States Attorney

By: *Philip A. Mallard*
PHILIP A. MALLARD
SARAH B. HOEFLE
Assistant United States Attorneys

District of Massachusetts: JULY 9, 2021