

|  | **U.S. Department of Justice** |
|---|---|
|  | *Nathaniel R. Mendell* |
|  | *Acting United States Attorney* |
|  | *District of Massachusetts* |

| *Main Reception: (617) 748-3100* | John Joseph Moakley United States Courthouse |
|---|---|
|  | 1 Courthouse Way |
|  | Suite 9200 |
|  | Boston, Massachusetts 02210 |

June 22, 2021

Forest O'Neill-Greenberg, Esq.
Assistant Federal Public Defender
Boston Federal Defender Office
51 Sleeper Street, 5th Fl.
Boston, MA 02210

  Re: <u>United States v. Dhamari Jordan</u>
     <u>Criminal No. 21-CR-10081-DPW</u>

Dear Ms. O'Neill-Greenberg:

  The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Dhamari Jordan ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

  1. <u>Change of Plea</u>

  Defendant will plead guilty to Counts One, Two, and Three of an Information charging the following: Count One, Conspiracy to Distribute and to Possess with Intent to Distribute 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 846; Count Two, Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and Count Three, Conspiracy to Possess Firearms in Furtherance of, and Use and Carry, Brandish, and Discharge Firearms During and in Relation to, a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(o). Defendant admits that he committed the crimes specified in these counts and is in fact guilty of each one.

  2. <u>Penalties</u>

  Defendant faces the following mandatory minimum and maximum penalties:

  For Count One, alleging a violation of 21 U.S.C. § 846, a mandatory sentence of 5 years and up to 40 years of incarceration, a term of supervised release of at least 4 years and up to life, a fine of up to $5,000,000, a mandatory special assessment of $100, and forfeiture to the extent charged in the Information;

For Count Two, alleging a violation of 18 U.S.C. § 924(c)(1)(A)(i), a mandatory sentence of 5 years and up to life of incarceration, the sentence for this count is to be served from and after the term of imprisonment imposed for Count One, a term of supervised release of up to 5 years, a fine of up to $250,000, a $100 special assessment, and forfeiture to the extent alleged in the Information; and

For Count Three, alleging a violation of 18 U.S.C. § 924(o), because the charge involves a machine gun, a period of incarceration up to life, a term of supervised release of up to 5 years, a fine of up to $250,000, a mandatory special assessment of $100, and forfeiture to the extent alleged in the Information.

Defendant understands that, if he is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. <u>Sentencing Guidelines</u>

The U.S. Attorney takes the position that the Defendant's total offense level is 25. The U.S. Attorney takes the position that the offense level under the United States Sentencing Guidelines (the "Guidelines") should be calculated as follows:

(a) Base Offense Level, Count One:

1. Defendant's base offense level is 24, because Defendant is responsible for at least 28 grams of a mixture or substance containing a detectable amount of cocaine base (USSG § 2D1.1(c)(8));

2. Defendant's offense level is increased by 2, because Defendant possessed a firearm (USSG § 2D1.1(b)(1)); and

3. Defendant's offense level is increased by 2, because Defendant used or made a credible threat of violence (USSG § 2D1.1(b)(2)).

4. The Offense level for Count One is 28.

(b) Base Offense Level, Count Three:

1. Defendant's base offense level is 20, because Defendant was a prohibited person at the time of the offense, and the offense involved a (I) semiautomatic firearm that is capable of accepting a large capacity magazine or (II) firearm that is described in 26 U.S.C. § 5845(a) (USSG § 2K2.1(a)(4)(B)(i));

2. Defendant's offense level is increased by 4 because the offense involved 8 to 24 firearms (USSG § 2K2.1(b)(1)(B)); and

3. Defendant's offense is increased by 4 because the Defendant used or possessed any firearm or ammunition in connection with another felony offense (USSG § 2K2.1(b)(6)(B)).

4. The Offense level for Count Three is 28.

(c) Grouping

Pursuant to USSG § 3D1.2(b) & (c), Count One, and Count Three are closely related. Pursuant to USSG § 3D1.3(a), the offense level applicable to the Group is the offense level for the most serious of the counts comprising the Group.

Count Two is not subject to the grouping rules. See USSG 2K2.4(b) ("if the defendant, whether or not convicted of another crime, was convicted of violating section 924(c) or section 929(a) of title 18, United States Code, the guideline sentence is the minimum term of imprisonment required by statute. Chapters Three and Four shall not apply to that count of conviction.").

Accordingly, the offense level for Count One is the most serious and the Defendant's adjusted offense level is therefore 28.

(d) Acceptance of Responsibility

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, the U.S. Attorney agrees to recommend that the Court reduce Defendant's Adjusted Offense Level by 3 levels under USSG § 3E1.1.

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (herself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime(s) to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

    a) incarceration within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures;

    b) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

    c) 60 months of supervised release;

    d) a mandatory special assessment of $300, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

    e) forfeiture as set forth in Paragraph 5.

5. Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

    a. A Polymer 80 firearm and accessories;

    b. Four rounds of 9mm ammunition;

    c. a Black iPhone model A1984; and

    d. a Silver iPhone model A1687.

Defendant admits that these assets are subject to forfeiture on the grounds that they were used to facilitate the Defendant's offense and/or they were involved in or used in any knowing commission of Defendant's offenses. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

6. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

7. Breach of Plea Agreement

Defendant understands that if he breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw his guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if he breaches any provision of this Agreement or engages in any of the aforementioned conduct, he thereby waives any defenses based on the statute of

limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

8. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

9. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Philip A. Mallard.

        Sincerely,

        NATHANIEL R. MENDELL
        Acting United States Attorney

By:    */s Glenn A. MacKinlay*
        Glenn A. MacKinlay
        Chief, Organized Crime Gang Unit
        Timothy E. Moran
        Deputy Chief, Organized Crime Gang Unit

        */s Philip A. Mallard*
        Philip A. Mallard
        Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

/s/ Forest O'Neill-Greenberg on behalf of Dhamari Jordan
Dhamari Jordan
Defendant

Date: 7-8-2021

I certify that Dhamari Jordan has read this Agreement and that we have discussed what it means. I believe Dhamari Jordan understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

Forest O'Neill-Greenberg, Esq.
Attorney for Defendant

Date: 7-8-2021

7